UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-25375

SARAH ESPINOZA MEDRANO,

    Plaintiff,

vs.

PASTA E BASTA LLC and
NICOLO DE ZAMBIASI,

    Defendants.
_____/

COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Sarah Espinoza Medrano, sues Defendants, Pasta E Basta LLC and Nicolo De Zambiasi, as follows:

*Parties, Jurisdiction, and Venue*

1. Plaintiff, Sarah Espinoza Medrano, is over 18 years old and has been a sui juris resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. Defendant, Pasta E Basta LLC, is a sui juris Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County,

1

Florida, at all times material, where it maintains its principal place of business.

6. Defendant, Niccolo De Zambiasi, was at all times material an owner, officer, director, or manager of the corporate Defendant during the time period relevant to this lawsuit. He managed its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

9. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, et seq.

10. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

11. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

*Background Facts*

12. Plaintiff worked as a cook (prep and then appetizer/salad) for Defendants from approximately January 17, 2024, to June 25, 2025.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

13. To the extent that records exist regarding the exact dates of Plaintiff's employment, they are believed to be in the exclusive custody of the Defendants.

14. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her handling and preparing food, produce, and beverages that have traveled through interstate commerce while also utilizing ovens, cleaning supplies, knives, equipment, dishwashing machines, and equipment that also traveled through interstate commerce.

15. Defendants regularly employed two or more employees for the relevant time who handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' restaurant business an enterprise covered under the Fair Labor Standards Act.

16. Defendants operated as an enterprise engaged in interstate commerce in their marketing, preparing, cooking, serving, and selling foodstuffs, produce, meats, fish, oils, beverages, coffee, tea, wines, alcoholic beverages, and products that previously moved in interstate commerce through their marketing, sales, promotion, and operation of a restaurant which, traditionally, cannot be performed without using appliances, refrigeration units, stoves, goods, materials, supplies, and equipment that have all previously moved in interstate commerce.

17. Furthermore, Defendants regularly and recurrently obtained, solicited, exchanged, received, and sent funds to and from outside the State of Florida, used telephonic transmissions

3

going outside the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside the State of Florida.

18. Defendants also engage in interstate commerce through their regular, recurrent, and routine exchange of information and payment through foreign payment platforms such as Uber Eats and Postmates, which serve as application platforms for patrons to order and pay for food and arrange pickup or delivery.

19. Defendants' annual gross revenues derived from this interstate commerce is believed to exceed $500,000.00 for the relevant time and/or $125,000.00 for each fiscal quarter in which Plaintiff worked.

20. Defendants hired Plaintiff at $17.00/hour until they raised her to $19.50/hour.

21. Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendants starting in about April 2024.

## *Liability*

22. Defendants paid Plaintiff at her regular hourly rate of pay for all hours worked.

23. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of Plaintiff's regular hourly rate for all hours worked over 40 hours in a given workweek.

24. As a direct and proximate result of Defendants' failure to timely pay Plaintiff Salcedo the overtime wage required by the FLSA, as set forth above, the Defendants violated the FLSA, damaging Plaintiff.

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

25. Plaintiff is entitled to a back pay award of FLSA overtime wages for all hours worked beyond 40 in a workweek, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Sarah Espinoza Medrano, demands the entry of a judgment in her favor and against Defendants, Pasta E Basta LLC and Nicolo De Zambiasi, jointly and severally after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

f. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Sarah Espinoza Medrano, demands a trial by jury of all issues so triable.

Respectfully submitted this 18th day of November 2025,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Ave., Ste. 770
Coral Gables, FL 33146

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Tel: 305.230.4884
Counsel for Plaintiff

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*