IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-25375-MORENO/D'ANGELO

SARAH ESPINOZA MEDRANO,

    Plaintiff,

v.

PASTA E BASTA LLC and
NICCOLO DE ZAMBIASI

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND
FOR DISMISSAL OF ACTION WITH PREJUDICE**

Plaintiff, SARAH ESPINOZA MEDRANO, and Opt-In Plaintiff, JUANA RIESTERER ("Plaintiffs") and Defendants, PASTA E BASTA LLC and NICCOLO DE ZAMBIASI ("Defendants") (Plaintiffs and Defendants are collectively, the "Parties"), by and through their undersigned counsel, hereby move the Court for entry of an Order approving the Parties' Settlement Agreements and General Releases and dismissing this action with prejudice. In support thereof, the Parties state:

1.    On November 18, 2025, Plaintiff Espinoza filed this action against Defendants, alleging that Defendants failed to pay Plaintiff Espinoza overtime wages owed, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"). On December 19, 2025, Opt-In Plaintiff Riesterer filed a Consent to Join as a party to this case. [ECF No. 14]. Opt-In Plaintiff Riesterer similarly alleged that Defendants failed to pay her overtime wages owed, in violation of the FLSA.

1

2. After considerable discussion, analysis, and negotiation, including the exchange and analysis of the relevant time and pay records, the Parties have reached a settlement of their dispute due to the disputed issues of fact and law and the inherent uncertainty and risks in proceeding with this litigation. Plaintiff Espinoza and Opt-In Plaintiff Riesterer have entered into respective and individual settlement agreements (the "Settlement Agreements") with Defendants to formalize the resolution of their disputes.

3. Although the Settlement Agreements in no way constitute an admission of liability by either party, the consideration paid pursuant to them continues a mutually agreeable resolution of Plaintiffs' claims. The settlements reached are fair, reasonable, and equitable to all Parties involved in this litigation.

4. The Parties represent that in accordance with the terms of the respective Settlement Agreements, the settlements with each Plaintiff represent payment in full for all overtime wages claimed, and an equal amount of liquidated damages, such that Plaintiffs have not compromised their claims.

5. The Parties further acknowledge and agree that the amount of attorneys' fees being paid to Plaintiffs' counsel under the terms of the Settlement Agreements is fair and reasonable in light of the efforts advanced on Plaintiffs' behalf, and represents a compromise of the attorneys' fees actually incurred by Plaintiffs.

6. The Parties respectfully ask that this Court review the Settlement Agreements entered into between the Parties in-camera, approve them as fair and reasonable, and enter the proposed Agreed Order of Dismissal With Prejudice and Approving Settlement, attached hereto as **Exhibit "1,"** which conditions dismissal upon the Court's retention of jurisdiction for 45 days to enforce the Parties' Settlement Agreements.

84986003;184986003;1

**ARGUMENT AND CITATION OF AUTHORITY**

The two circumstances in which FLSA claims may be compromised are: (i) when supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c); and (ii) when a court reviews and approves settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc.*, 679 F.2d 1350, 1353-54 (11th Cir. 1982). If a settlement in an employee's FLSA suit reflects a fair resolution of the issues, the court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Id*. at 1353. There is a strong presumption in favor of finding a settlement fair. *See Murchison v. Grand Cypress Hotel Corp*., 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit "favor[s] and encourage[s] settlements in order to conserve judicial resources").

The Eleventh Circuit has explained the circumstances that justify Court approval of an FLSA settlement in a litigation context as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues then a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1355.

In approving FLSA settlements, federal district courts have considered factors generally used in approving the settlement of Rule 23 class actions, including the following (among others): (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the

merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (*citing Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977); *Murchison*, 13 F.3d at 1486.

In this case, the Parties respectfully request judicial approval of the Settlement Agreements because there is no collusion in the settlement of this action, the Plaintiffs have not compromised their claims and are receiving the entirety of the overtime wages claimed and an equal amount of liquidated damages, and a settlement of this matter will prevent expensive, protracted, and uncertain litigation. The Parties have been able to assess each of their respective positions, as well as each other's, and have each decided that it is in their respective best interest to resolve this matter by settlement rather than by trial.

WHEREFORE, based upon the foregoing, the Parties respectfully request this Court grant this Motion, review the Settlement Agreements in-camera and determine the Settlement Agreements are fair and reasonable, approve and affirm the Settlement Agreements, dismiss all claims in this action with prejudice upon condition that the Court retain jurisdiction for 45 days to enforce the Settlement Agreements, and grant such other and further relief this Court deems just and proper.

84986003;184986003;1

Respectfully submitted this 9th day of January, 2026.

/s/ *Brian H. Pollock*
Brian H. Pollock
Florida Bar No. 174742
FAIRLAW FIRM
135 San Lorenzo Ave., Suite 770
Coral Gables, FL 33146 (305)-230-4884
brian@fairlawattorney.com
*Counsel for Plaintiffs*

 and

/s/ *Paige S. Newman*
Paige S. Newman
Florida Bar No. 1010358
Akerman LLP
777 South Flagler Drive, Suite 1100, West Tower
West Palm Beach, FL 33401
(561)-671-3624
Paige.newman@akerman.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel and parties of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Paige S. Newman*
    PAIGE S. NEWMAN, ESQ.
    Florida Bar No.: 1010358

**SERVICE LIST**

Brian H. Pollock
Florida Bar No. 174742
FAIRLAW FIRM
135 San Lorenzo Ave., Suite 770
Coral Gables, FL 33146 (305)-230-4884
brian@fairlawattorney.com
*Counsel for Plaintiff*
*Service via CM/ECF*